PRO SE

EUGENE C. SMALLS
2312 22nd Ave SW
LARGO, FLORIDA 33774
TELEPHONE NUMBER: (727) 581-2782
eugene_smalls@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Civil Action No. 17-00606 (JDB)

EUGENE C. SMALLS

    Plaintiff,

Vs.

SEAN J. STACKLEY, Acting SECRETARY OF
THE Navy and BOARD FOR CORRECTION
OF NAVAL RECORDS

    Defendants.

AUG 3 0 2017

_____/

## **EMERGENCY MOTION FOR A STAY OF DEFENDANTS' MOTION TO DISMISS AND TO COMPEL FILING OF THE ADMINISTRATION RECORD**

Plaintiff Eugene C. Smalls ("Plaintiff") respectfully moves this Court for an order staying proceedings (including deadlines for filing a response) on Defendants' motion for an Order of dismissal, pending resolution of the Administrative Records issues presented by Plaintiff in his request to Supplement the Record for discovery which was denied. Plaintiff requests this stay because the Administrative Record concerns are threshold issues that should be resolved before consideration of the claims, the present Motion before the Court and in deciding if the Administrative Record needs to be supplemented to decide the merits of this case. The granting of a stay will not prejudice Defendants.

    The current complaint filed by Plaintiff involves a non-frivolous claim of plain legal error involving the Board's failure to comply with statutes, regulations, and mandatory

procedures." *Wihemus v. Green*, 796 F. Supp. 2d 157, 161-62 (D.D.C. 2011) (applying traditional APA standard to Plaintiff's claim that corrections board did not distinguish relevant precedent in reaching its decision) (internal quotation marks omitted); cf. *Powers v Donley*, 844 F. Supp. 2d 65, 67 (D.D.C. 2012).

Plaintiffs bear the burden of establishing jurisdiction. See *U.S. Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20, 24 (D.C. Cit. 2000). However, a court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). When evaluating a motion to dismiss under Rule 12(b)(1), the court "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see also *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted must be denied so long as a plaintiff's claims are "plausible on their face," meaning that the facts pled must allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 667-68 (2009). Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its [judicial] experience and common sense." Id. at 679. Case 1:14-cv-00017-CRC Document 14 Filed 06/03/14 Page 5 of 27

## **MEMORANDUM AND AFFIDAVIT IN SUPPORT OF MOTION**

32 CFR 723.9 (RECONSIDERATION) after a final adjudication, further consideration will be granted only upon presentation by the applicant of new and material evidence or other matter not previously considered by the Board. New evidence is defined as evidence not previously considered by the Board and not reasonably available to the applicant at the time of the previous application. Evidence is materially to have a substantial effect on the outcome. *All requests for further consideration will be initially screened by the Executive Director of the Board to determine whether new and material evidence or other matter (including, but limited to, any factual allegations or arguments*

2

*why the relief should be granted*) has been submitted by the applicant. If such evidence or other matter has been submitted, the request shall be forwarded to the Board for a decision.

LCvR 7.1(n). In cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court **within 30 days** following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

"The Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim." Cotrell, Ltd. v. Biotrol Int'l, Inc., 191 F.3d 1248, 1251 (10th Cir. 1999). Thus, the Court must deny a motion to dismiss for failure to state a claim when the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Aktieselskabet v. Fame Jeans, Inc., 525 F.3d 8, 15, 17 (D.C. Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and rejecting Bell Atl. v. Twombly, 550 U.S. 544 (2007), as creating a heightened pleading standard).

The Court is authorized to stay proceedings as appropriate. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Stone v. Immigration and Naturalization Service, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings.").

The Court observed that it is the Administrative Procedures Act ("APA") that codifies the nature and attributes of judicial review, including the traditional principle of its unavailability 'to the extent that ... agency action is committed to agency discretion by law. "Brotherhood of Locomotive Engineers, 482 U.S. at 282, 107 S.Ct.2360 (quoting 5 U.S.C. 701(a)(2)).

Plaintiff seeks review of a re-opened proceeding filed by the Plaintiff to the Board on August 8, 2015 involving both new & old evidence that was provided to the Three Member Panel of the Correction Board, when the Board rendered its new decision based on all the new & old evidence that was not previously before them on May 20, 2016. The decision is considered a final agency action.  3

On July 25, 2017 this Court denied Plaintiff's Motion to Supplement the Administrative Record, stating the Court believed Defendants would produce to the Court a complete, accurate administrative record.

Defendant's had both the Court and Plaintiff believing that the reason for the delay to answer the original complaint and the Amended Complaint that the delay was due to processing of the administrative record so it could be presented in its entirety to the Court and to Plaintiff. However, the record reflects that Defendants to-date have not filed the Administrative Records and compounded the delay and treated the necessary filing of the Administrative Record as a suggestion rather than a requirement filing instead a Motion to Dismiss without providing the administrative record, upon which a determination depends and making it impossible for Plaintiff to adequately defeat the Motion which prejudices Plaintiff's right to oppose the motion. A dispositive motion should not be granted until a full and accurate administrative record is available.

According to the Board's Decision also supported by other case law a finding of finality under 5 U.S.C. § 704 should only be enforced in extreme cases where a pleading does not allege factors showing that a previous decision was marred due to the lack of a complete administrative record. You cannot know that an apple is diseased by taking a cutting from that portion of the apple that shows no disease. The entire apple must be examined. Anything less will lead to a false conclusion which should not result in a finding that the apple was examined before and that decision of it being perfectly healthy should not be reviewed and overturned. This of course is a simile but should adequately describe the case at hand in that dismissal on the bases of res judicata should only be granted if the complete and accurate administrative record formed the basis for the underlying decision. The Court should find Because of the strength of the plaintiffs showing in his Amended Complaint, the factors, the Court should conclude that a colorable claim has been presented that can reasonably be seen as constituting 'a sufficient showing of likelihood of success.' By "colorable the Plaintiff's claim should be recognized as a "claim that is legitimate and that may reasonably be asserted given the facts presented and the current law." BLACK'S LAW DICTIONARY 240 (7th Ed. 1999); see also *Cuomo v. United States Nuclear Regulatory Comm 'n*, 772 F.2d 972, 974 (D.C. Cir. 1985) ("A stay may be

granted with either a high probability of success or some injury, or vice versa" (emphasis in original"). Without the complete and accurate Administration Record from the Board, the Court is left to the use of the English language to determine if the Plaintiff has made a colorable claim.

Plaintiff prays the Court will GRANT A STAY AND COMPEL DEFENDANTS TO PRODUCE THE <u>COMPLETE</u> ADMINISTRATIVE RECORD. Plaintiff cannot reasonable conclusively determine on the pleadings whether the cases cited by Defendants rendered the same issues as in the present issue in the Amended Complaint, without access to the complete Administrative Record to compare all the issues that were raised before the Board of those final agency action decisions subject to APA review. Consequently, this Court should compel Defendants to produce the administrative record. See <u>Compl. Exs</u>. 2-3. The D.C. Circuit has previously held that the "district court can consult the record to answer the legal question before the court." <u>Marshall Cnty. Health Care Auth. v. Shalala</u>, 988 F.2d 1221, 1226 (D.C. Cir. 1993). By reviewing the administrative record, this Court can determine whether Plaintiffs have stated a plausible claim. Defendant's production of the administrative record may avoid the potential risks associated with relying on its uncorroborated assertions regarding its Board review and investigation and subsequent actions. See *Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001) (finding that the district court erred by relying on parties' "representations to discern the basis on which the [agency] acted" and that the proper course would have been to call for the administrative record)." This finding cannot be overemphasized in this Court's consideration of how it should treat the motions before it.

Plaintiff does not have access to any of the agency (Board) investigatory files, which would likely include if any what regulations & rules were used to render a "final" decision on the merits; what correspondence, as well as any investigator notes that were used and which would be useful for the Court to consider if it cannot immediately determine whether an proper adjudication actually took place.

Such information may also shed light on the agency's action and help determine the scope of the decision made by the Board and what legal rules and regulations were applied in its investigation.

5

Defendants here on the other hand want to evade filing the administrative record and the judicial review by filing a Motion to dismiss. However, an adjudication—albeit one where it applied a standard that has no source in statute or regulation— is a reviewable final agency action under 5 U.S.C. § 704.

Alternatively, if the Court requires an opportunity to review the administrative record to determine whether adjudication occurred, it should order its production.

Indeed, if the Court orders production of the record, it can efficiently resolve the entire matter because the parties may include summary judgment arguments under Rule 56(a) with any supplemental briefing that the Court requires. Production of the administrative record at this stage of the litigation would not prejudice Defendants because Defendant's 12(b)(6) Motion arguments can also be inserted under a Rule 12(c) motion for judgment on the pleadings, which applies the same standard as a motion to dismiss under Rule 12(b)(6). See *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012) (stating that a Rule 12(c) motion is "functionally equivalent" to a Rule 12(b) (6) motion).

## CONCLUSION

Plaintiff has reached out in an e-mail to Defendants to see if they would consent to this Motion for a Stay or will be filing an objection. As of the filing of this Motion, Plaintiff has not heard anything back from Defendants.

The Court should grant a Stay with respect to the pending Motion to dismiss until a certified copy of the Administrative Record is filed and give the Plaintiff enough time following such a filing to respond to the Motion to Dismiss by applying the administrative records to his defense.

[signature]

EUGENE C. SMALLS,
PLAINTIFF-PRO SE

## AFFIDAVIT OF EUGENE C. SMALLS IN SUPPORT OF EMERGENCY MOTION FOR A STAY AND TO COMPEL FILING OF THE ADMINISTRATIVE RECORD

STATE OF FLORIDA            )
                            ) SS:    **Civil Action No. 17-00606 (JDB)**
                            )
CITY AND COUNTY OF PINELLAS )

TO WHOM IT MAY CONCERN:

1. I, Eugene C. Smalls, make the following declaration pursuant to the authority of 28 U.S.C. §1746. This declaration is the legal equivalent of a statement under oath.

2. I, Eugene C. Smalls do hereby make the following statement on oath or affirmation as to facts with which are of record in the above entitled case.

3. I, Eugene C. Smalls am the Plaintiff in the above styled matter and I have personal knowledge of the facts in the affidavit.

4. I, Eugene C. Smalls have been denied discovery by the Court to supplement the Administrative Records and Defendants have not yet filed the Administrative Record with the Court although they claimed their delay in answering the original complaint and the amended complaint was due to preparing the administrative records for filing.

5. I, Eugene C. Smalls cannot effectively defend my position in the current Motion to Dismiss, without the complete Administrative Record which I am entitled to by Law.

6. I. Eugene C. Smalls further cannot present essential facts in the present Motion before the Court on any opposition during a hearing or trial to any future motions.

7. Defendants are purposely suppressing material facts which the party is under an obligation to release as they are germane to this case and cooperate with the requesting party in its efforts to acquire evidence material to the claims and objections and which all are subject to review under the APA by the Court.

These "missing" documents, evidence and material were timely filed according to the agencies own procedures and guidelines and are material to the question of whether a lawful adjudication took place or was hijacked by acts of "Staff Members" who were not even members of the Board, which is to act pursuant to its authority granted by Congress in its official judicial acts. These pirated materials contain very much relevant information AND argument that was submitted into evidence for the Three Member Panel to review and what information was not submitted to the Three Member Panel review, which if it had been properly reviewed would show disputed facts existed which would preclude the granting of a dispositive motion. If such a dispositive motion is shown to have been arbitrary and based on an incomplete record, failed to include new arguments and material evidence not available when the decision was rendered, then it is the antithesis of justice to preclude a review to reveal this based on an argument founded on the principle of *res judicata.*

8. Defendants had a duty to disclose that fact, by presenting the Administrative Record so this Court would be able draw inferences based on a full review of the complete record and not simply on the conclusions in the Decisions by the Board or a no-decision based on spirited-away material evidence and argument by a non-board member.

9. Defendants had a duty to disclose all the evidence the Board used in determining Plaintiff's application on review for reconsideration by submitting the complete Administrative Record for review.

10. Without the complete Administrative Record submitted to the Court, not only would it be impossible for the Plaintiff to defend the Motion to Dismiss, but it can confuse the Court with respect to the evidence that was presented to the Board before 2015 and 2012 as considered **new** versus evidence that was submitted to the Board from 1986 to 2010.

11. Having a complete and accurate copy of the Administrative Record which include all of the above information mentioned in this affidavit is critical to the Plaintiff's case, and requiring a hearing on this matter without access to this information in the Record would be highly prejudicial to Plaintiff and unjust.  2

12. Without allowing Plaintiff access to the documents and other evidence which collectively should be a part of the complete Administrative Record, his hands are tied and he is unable to raise every objection he has a right to raise in defense of his objection to Defendants' motion to dismiss. .

13. Plaintiff has been denied limited discovery by this Court to supplement the records, and the submission of the Administration Records has been pending since the filing of this complaint and furthermore Plaintiff cannot obtain an affidavit sufficient to support any opposition to a motion for a hearing and this is the reason why he is filing this affidavit along with his Motion for Stay and to Compel the filing of the Administrative Record prior to any hearing on any dispositive motion.

14. The Court has rules that discovery should be liberally allowed and that the Administrative Record should be complete before any motion for summary judgment or other dispositive motion is entertained, including rules entitling a party to a continuance under the Local Rules. In any case, additional facts exist with respect to the current decision by the Board and the additional facts will show and create a material issue of fact with respect to whether previous decisions by the Board amounted to an adjudication of the issues presented allowing estoppel under the principle of *res judicata*.

15. Defendants continued concealment or failure to disclose the Administrative Record induced the Plaintiff to act and that inducement has caused injury to the plaintiff. For example, the Board's decision should have been based on a review of the merits of old arguments/material evidence as well as new arguments/material evidence that Plaintiff raised that the Board never had before it due to the interception by the Executive Director of the Board, Mr. Dean PFEIFFER, who violated the Plaintiff's APA claims prior to 2012 and 2015. For example, the Board failed to distinguish precedent case law, how those cases that were submitted are different than Plaintiff's case?

16. The main outstanding administrative records or discovery are crucial and has not been presented to the court for the Plaintiff review and for those information that Plaintiff can cite to in his defense of the current Motion to Dismiss.

17. The delay in not receiving the requested administrative record or any discovery

3

information is not due to any fault of the Plaintiff but was due to Defendants' uncooperative behavior and any motion or forthcoming hearing Plaintiff cannot reasonably be expected to respond to without first having an opportunity to review **all** of the Administrative Record and object to missing evidence and have ample opportunity to supplement the record to see that it is complete. Partial facts can only reveal a partial conclusion which should never be mistaken for a complete adjudication on the merits or provide a basis for *res judicata*. Discovery is allowed for a reason pour over pertinent documents, and to accumulate within the administrative records Plaintiff's own evidence contradicting Defendants' version of the facts.

18. Furthermore the Administrative Records will refl. It is so both parties can prepare their arguments and rebuttals based on the complete facts.

FURTHER AFFIANT SAYETH NAUGHT

I declare under penalty of perjury, I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief, as provided for by Fla. Stat. §7744.104.

By_____

In the State of Florida and County of Pinellas, is Subscribed and sworn to (or affirmed) before me this 28th day of August 2017.

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL No. 1:17-CV-00606 (JDB)

EUGENE C. SMALLS        ORDER

    Plaintiff,

Vs.

HONORABLE. SEAN J. STACKLEY, Acting
Secretary of the Navy and BOARD FOR CORRECTION
OF NAVAL RECORDS

    Defendants.

_____/

## ORDER

Upon further consideration of the Court files and notice that Defendants has not yet file the Administrative Records into evidence. Herein Good cause exist to approve Plaintiff Motion for a Stay and Compel Defendant to produce the Administrative Records within 20 business days from the Date of this Order.

It is **so OEDRER** that Plaintiff Motion is granted.


Herein, it is _____ day of _____ 2017


_____
JOHN D. BATES
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CIVIL No. 1:17-CV-00606 (JDB)

EUGENE C. SMALLS          CERTIFICATE OF SERVICE

    Plaintiff,

Vs.

HONORABLE. SEAN J. STACKLEY, Acting
Secretary of the Navy and BOARD FOR CORRECTION
OF NAVAL RECORDS

    Defendants.

_____/

## CERTIFICATE OF SERVICE

I, Eugene C. Smalls, declare that I served Defendants a copy of the Emergency Motion for a Stay by sending same via first class U.S. mail, postage prepaid on the date below, directed to its attorney of record as listed below:

ATTN" Fred E. Haynes
Assistant United States Attorney
55 Fourth Street, N.W., Room E-4110
Washington, D.C. 20530

_____
EUGENE C. SMALLS
PRO SE
2312 22nd Ave S.W.
Largo Florida 33774
(727) 581-2782
Eugene_smalls@yahoo.com

 Mr. Eugene C. Smalls
PO Box 7382
Seminole, FL 33775

 Retail

P US POSTAGE PAID
**$7.40**

Origin: 33770
Destination: 20001
0 Lb 2.40 Oz
Aug 28, 17
1150850210-15        1006

**PRIORITY MAIL ®2-Day**

Expected Delivery Day: 08/30/2017    C003

USPS TRACKING NUMBER



9505 5148 4035 7240 1932 72

ited States District
+ For the District of Columbia
Constitution Ave NW
ington DC 20001

Mr Eugene C. Smalls
PO Box 7382
Seminole, FL 33775

**THE FEW**
**THE PROUD**

UNITED STATES
POSTAL SERVICE.

US POSTAGE PAID
$7.40
Retail

P
Origin: 33770
Destination: 20001
0 Lb 2.40 Oz
Aug 28, 17
1506502l0-15

PRIORITY MAIL ®2-Day     1006

Expected Delivery Day: 08/30/2017    C003

USPS TRACKING NUMBER

9505 5148 4035 7240 1932 72

United States District
Court for the District of Columbia
333 Constitution Ave NW
Washington, DC 20001