UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE C. SMALLS,<br><br>        *Plaintiff*,<br><br>   v.<br><br>RICHARD V. SPENCER, Secretary of the Navy,<br><br>        *Defendant*. | Civil Action No. 17-606 (TJK) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Eugene Smalls, proceeding *pro se*, has filed a motion for leave to file a second amended complaint. ECF No. 24 ("2d Mot. Am."). For the reasons stated herein, his motion is **GRANTED**. The second amended complaint, ECF No. 24-1 ("2d Am. Compl."), shall be deemed filed as of September 25, 2017. As a result, Defendant's motion to dismiss the first amended complaint, ECF No. 14 ("Mot. Dismiss"), is **DENIED AS MOOT**.

**I.    Legal Standard**

Under Federal Rule of Civil Procedure 15(a)(2), if a party may no longer amend its pleading as of right, then that "party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision to grant or deny leave to amend . . . is vested in the sound discretion of the trial court." *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977). But "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, or futility of amendment." *United States ex. rel Shea v. Verizon Commc'ns, Inc.*,

160 F. Supp. 3d 16, 29 (D.D.C. 2015) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). "Generally, under Rule 15(a) the non-movant bears the burden of persuasion that a motion to amend should be denied." *Johnson v. District of Columbia*, No. 13-cv-1445 (JDB), 2015 WL 4396698, at *2 (D.D.C. July 17, 2015) (citing *Dove v. WMATA*, 221 F.R.D. 246, 247 (D.D.C. 2004)).

## II. Analysis

In 1986, the Board for Correction of Naval Records ("BCNR") denied Smalls' request to change his 1980 discharge from the Marine Corps to a medical disability retirement, which would have entitled him to certain military retirement benefits. Smalls subsequently petitioned the BCNR for reconsideration and was denied relief in 1992, 2000, and 2016. *See* 2d Am. Compl., Ex. 1 at 31-33 ("2016 BCNR Dec."). Smalls now seeks to amend his complaint to clarify that under the Administrative Procedure Act ("APA"), he is challenging the BCNR's 2016 decision. 2d Mot. Am. at 2. He asserts that this decision constituted a reopening of his case. *See* 2d Am. Compl. ¶¶ 11, 15, 21, 32, 44-45, 48, 51, 57; *see also* 2d Mot. Am. at 1 ("[T]he issues [are] quite different based on an application that the Board reopen[ed] for review on the merit[s], which was never properly before them in [previous] request[s].").

Through his second amended complaint, Smalls appears to "fine-tune the legal and factual basis for the relief [sought]," which "should benefit [Defendant] by providing [it] with greater notice of what [his] claims are and the grounds upon which they rest." *Council on American-Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 326 (D.D.C. 2011). Such fine-tuning "certainly does not provide a basis for denying leave to amend." *Id.* at 324. Moreover, "[t]he practice of freely giving leave to amend is particularly appropriate" where *pro se* litigants are concerned. *Kidd v. Howard Univ. Sch. of Law*, No. 06-cv-1853 (RBW), 2007

WL 1821159, at *2 (D.D.C. June 25, 2007) (citing *Wyant v. Crittenden*, 113 F.2d 170, 175 (D.C. Cir. 1940)). "*Pro se* litigants are afforded more latitude than litigants represented by counsel to correct defects in . . . pleadings." *Id.* (quoting *Moore v. USAID*, 994 F.2d 874, 876-77 (D.C. Cir. 1993)).

Defendant's sole objection to Smalls' motion for leave to file a second amended complaint is that the amendment would be futile. ECF No. 30 ("Opp.") at 1. Amending a complaint is futile "if the proposed claim would not survive a motion to dismiss." *Williams v. Lew*, 819 F.3d 466, 471 (D.C. Cir. 2016) (internal quotation marks omitted). In other words, "[f]or practical purposes, review for futility is identical to that for a Rule 12(b)(6) motion to dismiss." *Johnson,* 2015 WL 4396698, at *3 (citing *Driscoll v. George Wash. Univ.*, 42 F. Supp. 3d 52, 57 (D.D.C. 2012)). In support of this argument, Defendant simply incorporates by reference the arguments in its earlier-filed Rule 12(b)(6) motion to dismiss the first amended complaint. *See* Opp. at 1. And in that motion, Defendant's primary argument was that Smalls' "current claim before this court, like previous iterations" filed in federal court, was barred by res judicata because it "stems from the same underlying 'transaction'" that was already adjudicated: his "discharge from the Marine Corps in 1980." Mot. Dismiss at 5; *see id.* at 3 (citing *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)). Critically, however, Defendant does not explain why Smalls' 2016 BCNR decision was not a new final agency action subject to an independent challenge under the APA.

It is well established that "'where an agency has reopened a previously considered issue anew' upon application for reconsideration, 'the reopening doctrine allows an otherwise stale challenge to proceed.'" *Peavy v. United States*, 128 F. Supp. 3d 85, 99 (D.D.C. 2015) (quoting *Chenault v. McHugh*, 968 F. Supp. 2d 268, 272 (D.D.C. 2013)); *see Nat'l Resources Def.*

3

*Council v. EPA*, 571 F.3d 1245, 1265 (D.C. Cir. 2009). "'[W]hen the agency has clearly stated or otherwise demonstrated' that it has reopened the proceeding," the "resulting agency decision [will] be considered a new final order subject to judicial review under the usual standards." *Peavey*, 128 F. Supp. 3d at 99-100 (quoting *Sendra Corp. v. Magaw*, 111 F.3d 162, 167 (D.C. Cir. 1997)). That the agency ultimately reached the same result is of no moment, because "[a]n agency may be found to have reopened the case and issued a new and final order 'even though the agency merely reaffirms its original decision.'" *Id.* at 100 (quoting *Sendra Corp.*, 111 F.3d at 167). Moreover, "if an agency denies a petition for reconsideration alleging 'new evidence' or 'changed circumstances,' the agency's denial is reviewable as a final agency action." *Id.* (quoting *Sendra Corp.*, 111 F.3d at 166).

Here, the 2016 BCNR decision suggests that Smalls' case was reopened. Although the decision itself was relatively brief, the Board states that Smalls' case "was reconsidered . . . by a three-member panel," that it considered the "entire record" including "the new medical evidence . . . provided," and that "this matter is considered a final action." 2016 BCNR Dec. To be sure, it is possible that upon filing a new motion to dismiss, Defendant may be able to show that the 2016 BCNR decision was not a new agency action and is therefore barred by res judicata.[1] But on the record presently before it, the Court cannot find that Smalls' proposed amendment is futile.

As a result, the Court will allow Smalls to file his second amended complaint, which will become the operative complaint. *See Nat'l City Mortg. Co. v. Navarro*, 220 F.R.D. 102, 106

---

[1] "Although, as the Court notes, the analyses for futility and a 12(b)(6) motion are essentially identical, the Court's determination regarding the former issue does not foreclose the [Defendant] from filing a motion to dismiss [Smalls'] [s]econd [a]mended [c]omplaint." *Johnson*, 2015 WL 4396698, at *4 n.2.

4

(D.D.C. 2004) (noting while granting leave to amend a complaint that the "amended complaint is now the operative complaint"). Accordingly, Defendant's motion to dismiss the first amended complaint will be denied as moot. *See Johnson,* 2015 WL 4396698, at *5 (denying as moot the defendants' motion to dismiss the original complaint on the basis that the amended complaint supersedes the original complaint).

### III. Conclusion and Order

For the foregoing reasons, Smalls' motion (ECF No. 24) is **GRANTED**. His second amended complaint (ECF No. 24-1) shall be deemed filed as of September 25, 2017. Further, in light of the filing of the second amended complaint, Defendant's motion to dismiss the first amended complaint (ECF No. 14) is **DENIED AS MOOT**. Defendant shall file a response to the second amended complaint by April 5, 2018.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 22, 2018