UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE C. SMALLS,

    *Plaintiff*,

v.

RICHARD V. SPENCER *et al.*,

    *Defendants*.

Civil Action No. 17-606 (TJK)

## MEMORANDUM OPINION

This suit is but one of many legal challenges that Eugene Smalls has brought stemming from the Department of the Navy's 1980 decision to discharge him without severance pay. The Navy did so because it determined that the foot condition from which he suffered both existed before his service and was not aggravated by his service. Now, over forty years later, Smalls invokes the Administrative Procedure Act to request that this Court review the Navy's 2016 denial of his latest request to reconsider its 1986 denial of his application to correct his military records. The parties have cross-moved for summary judgment. Their first set of arguments addresses whether the Navy's 2016 decision is reviewable by the Court, though under this Circuit's precedent this question is more aptly characterized as one that implicates the Court's subject-matter jurisdiction. Smalls argues that the Navy reopened his case and issued a judicially reviewable decision based on new evidence, while Defendants contend that the decision is unreviewable because the Navy declined to reopen its decision, and simply affirmed its prior one without receiving new evidence. For the reasons explained below, the Court will grant Defendants' motion on this ground, deny Smalls', and dismiss the case for lack of subject-matter jurisdiction.

I.      Background

Smalls entered the Marine Corps in 1978 and served on active duty until his discharge because of a physical disability in 1980.  ECF No. 128-9 at 63–64.  His medical examination upon his entrance into service identified no problems with his feet.  *Id.* at 71–72.  But beginning in July 1979 and continuing into 1980, he began complaining of foot pain after "prolonged standing or marching."  *Id.* at 77.  A Navy Medical Board diagnosed him with symptomatic bilateral pes planus—flat feet—and found that the condition was "not incurred in or aggravated by service."  *Id.* at 78.  Thus, the Marine Corps discharged him without severance pay because of this physical disability.  *Id.* at 63.

In 1985, Smalls submitted his first application to the Board for Correction of Naval Records (BCNR), seeking to change his records to reflect that his foot condition was in fact aggravated by his service.  *Id.* at 64.  To evaluate his application, the BCNR requested an opinion from the Navy Central Physical Evaluation Board (CPEB).  *Id.* at 65.  The CPEB recommended that the application for correction be denied, concluding that Smalls' condition existed before enlistment and was not aggravated by his service.  *Id.*  Smalls received a copy of the CPEB report, and he answered with a letter representing that he had experienced no problems with his feet before enlisting and arguing that his service caused his condition.  *Id.* at 66–67.  He also noted that the Department of Veterans Affairs had awarded him a percentage of his disability compensation.  *Id.* at 64.  In June 1986, the Navy responded and denied Smalls' application for correction.  *Id.* at 68.

The next year, Smalls submitted a letter to the BCNR, summarizing his medical history and again representing that he had suffered from no foot problems before his service.  *Id.* at 69.  The letter landed on the desk of Assistant Secretary of the Navy Chase Untermeyer.  *Id.* at 70.

Untermeyer referred the matter back to the CPEB, asking why Smalls had been allowed to enlist if he suffered from flat feet before entering the Marines, and why there was no documentation of his foot issues at that time. *Id.* at 71. The CPEB explained that Smalls' flat feet were mild, and so they might not have been found during a routine physical, and in any event a mild condition would not have disqualified him from enlisting while he was asymptomatic. *Id.* at 72. The CPEB also explained that Smalls' feet became symptomatic as part of a normal progression of the condition, rather than being aggravated by service, and Smalls' medical records did not reflect an injury or trauma that would have otherwise worsened it. *Id.* From 1988 to 2007, Smalls filed twelve more applications for correction, all of which were denied. ECF No. 128-3 at 49.

      Smalls simultaneously challenged the BCNR's decisions in the federal courts. In 1998, he sued in the District of Hawaii, challenging the BCNR's 1992 denial of one of his applications for correction. The court dismissed some of his related claims, *Smalls v. United States*, 87 F. Supp. 2d 1055 (D. Haw. 2000), and ultimately affirmed the BCNR's decision on the merits. *Smalls v. United States*, 87 F. App'x 167, 167 (Fed. Cir. 2004). His appeal was transferred to the Federal Circuit, which found his claim for correction of his records untimely because it was filed more than six years after his discharge. *Id*. at 168. In 2003, Smalls also sued in this District. *Smalls v. United States*, No. 03-cv-2620 (JDB). The district court dismissed the case on res judicata grounds, and the D.C. Circuit affirmed. *Smalls v. United States*, 471 F.3d 186 (D.C. Cir. 2006). In 2007, Smalls sued yet again, this time in the Court of Federal Claims, asking that court to compel reconsideration of his application for correction based on new evidence. The case was dismissed as time-barred and upheld by the Federal Circuit. *Smalls v. United States*, 298 F. App'x 994, 995–97 (Fed. Cir. 2009).

Several years later, in August 2015, Smalls turned again to the BCNR and filed another application for correction. ECF No. 128-6 at 34. In May 2016, the BCNR denied his request by letter, stating: "[A]fter careful and conscientious consideration of the entire record, the Board determined that it does not warrant relief. Accordingly, your application, and your request for a personal appearance before the Board have been denied." ECF No. 128-6 at 29.

Smalls then filed this suit to challenge the BCNR's decision. ECF No. 1. He amended his complaint twice, ECF Nos. 11 and 38, most recently to clarify that he challenges the BCNR's 2016 letter denying his request for correction as arbitrary and capricious under the Administrative Procedure Act (APA). ECF No. 37 at 2; ECF No. 38 ¶¶ 8, 77.[1]

Smalls then moved for summary judgment, ECF No. 100, arguing that the Court could review the BCNR's 2016 decision because it had reopened his case after being presented new evidence.[2] He identifies the following as purportedly new evidence: recent letters and reports prepared by his doctors asserting that he was misdiagnosed when he was discharged, ECF No. 38 ¶ 46; ECF No. 128-4 at 5–11; ECF No. 128-5 at 27–34; ECF No. 128-6 at 13–27; recent orders from the Court of Appeals for Veterans Claims awarding him an increased disability percentage retroactively, ECF No. 100 at 17, 21; ECF No. 128-8 at 88; recent cases allegedly similar to his that he argues the BCNR should follow as precedent, ECF No. 100 at 18–19; ECF No. 128-4 at

---

[1] Although Smalls mentions a 2012 application (along with his 2015 application) and asserts the BCNR did not review it, ECF No. 38 ¶ 77, he characterizes the 2016 letter as a response to both the 2012 and 2015 applications and ultimately clarifies that the agency decision he challenges is the 2016 letter, ECF No. 24 at 3; ECF No. 38 ¶8.

[2] Smalls also filed a document styled as a "Motion for Leave to File Motion to Dismiss Defendants' Motion or in the Alternative Motion to Strike." ECF No. 120. But the document and its attachments are in substance an opposition to Defendants' Motion for Summary Judgment and a reply in support of Smalls' motion, which the Court has considered. Thus, the Court will grant the motion for leave to file.

4

31–39; ECF No. 128-5 at 12–25; letters and affidavits from family and friends attesting to his physical health before his entering the military, ECF No. 120-1 at 23, 25; and a 1981 letter from his doctor expressing a "second opinion" about his foot condition, ECF No. 100 at 40; ECF No. 128-6 at 4.  Defendants then cross-moved for summary judgment, ECF No. 107.  To begin with, they assert that the BCNR's 2016 decision is unreviewable by this Court because it did not reopen Smalls' case in 2016 and it considered no new evidence.  ECF No. 107 at 20–23.  In the alternative, Defendants argue, summary judgment should be granted in their favor based on res judicata and laches.  ECF No. 107 at 23–24.

## II.   Legal Standard

Federal courts are courts of limited jurisdiction.  *See Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004).  The law presumes that "a cause lies outside [the Court's] limited jurisdiction" unless the party asserting jurisdiction establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "A court has an 'independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'"  *Walsh v. Comey*, 118 F. Supp. 3d 22, 25–26 (D.C. Cir. 2015) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

## III.   Analysis

An agency's refusal to reconsider an earlier order is "nonreviewable" unless "the agency, despite denying reconsideration, clearly states or indicates that it has reopened the matter," *Palacios v. Spencer*, 906 F.3d 124, 127–28 (D.C. Cir. 2018) (quoting *Sendra Corp. v. Magaw*, 111 F.3d 162, 167 (D.C. Cir. 1997)), or "the request for reconsideration is based upon new evidence or changed circumstances," *United States Postal Serv. v. Postal Reg. Comm'n*, 841 F.3d 509, 512 (D.C. Cir. 2016).  In other words, "when an agency merely affirms its original decision in denying a petition for reconsideration, it has not rendered a judicially reviewable

decision." *Palacios*, 906 F.3d at 127. "The Court has treated nonreviewability under such circumstances as jurisdictional. . . ." *Schoenbohm v. F.C.C.*, 204 F.3d 243, 250 (D.C. Cir. 2000) (citing *ICC v. Bhd. of Locomotive Engineers*, 482 U.S. 270, 287 (1987)); *see also Fritch v. U.S. Dep't of State*, 220 F. Supp. 3d 51, 60–61 (D.D.C. 2016). As explained below, the Court lacks subject-matter jurisdiction to review the BCNR's 2016 decision because the BCNR did not clearly state or demonstrate that it reopened Smalls' case and because he did not submit new evidence or changed circumstances for the BCNR to consider.[3]

### A. Whether the BCNR Reopened its Decision

"Only 'when the agency has clearly stated or otherwise demonstrated,' that it has reopened the proceeding will the resulting agency decision be considered a new final order subject to judicial review. . . ." *Sendra Corp. v. Magaw*, 111 F.3d 162, 167 (D.C. Cir. 1997) (quoting *Morris v. Sullivan*, 897 F.2d 553, 558 (D.C. Cir. 1990)). Because a clear statement is required, courts will not "look behind the agency's formal disposition of the reconsideration request to see whether the agency 'in fact' reopened its original decision (and thus rendered a new final order)." *Id.* Thus, "[s]imply discussing the merits of an earlier agency decision does not open a reconsideration denial to review." *U.S. Postal Serv.*, 841 F.3d at 513 (citing *Bhd. of Locomotive Engineers*, 482 U.S. at 280–81). "It would make no sense whatsoever to hold that when an agency offers an explanation for 'affirming a prior denial,' it has in effect reopened the

---

[3] As noted above, Defendants raise "reviewability" as an issue that entitles them to summary judgment, as opposed to dismissal. Although their briefing does not explain why, another way to construe their argument is that the BCNR's 2016 decision is not a final agency action subject to review under the APA, which would deprive Smalls of a statutory cause of action, as opposed to this Court of jurisdiction. *See, e.g.*, *Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 138 (D.D.C. 2018) ("Where there is no final agency action, a plaintiff has no cause of action under the APA."). But the Court must apply the precedent that treats this matter as one of jurisdiction, and under that same precedent, for the reasons explained, Defendants prevail on "reviewability" no matter how it is conceptualized.

proceedings and rendered a new, judicially-reviewable decision." *Fort Sumter Tours, Inc. v. Babbitt*, 202 F.3d 349, 356 (D.C. Cir. 2000).

The BCNR did not clearly state or otherwise demonstrate in its 2016 letter that it was reopening Smalls' case. Rather, the BCNR explicitly denied reconsideration and reiterated its earlier reliance on the CPEB's analysis about why his application did "not warrant relief." ECF No. 128-6 at 29. More specifically, the BCNR stated that it "substantially concurred with the two advisory opinions provided by the Physical Evaluation Board on 20 February 1986 and in 1988 that you were correctly diagnosed and that your condition pre-existed your entry into the Marine Corps" and concluded that Smalls' purportedly new evidence was "substantially the same as previously provided evidence." *Id.* at 29–30.

Smalls asserts in conclusory fashion that the BCNR "reopen[ed]" his case "for reconsideration" and "review on the merit[s]." ECF No. 100 at 3. But an agency's discussion of a case's merits, as the BCNR did here, does not amount to a clear statement that it has reopened a matter. *U.S. Postal Serv.*, 841 F.3d at 513. Thus, although the BCNR "carefully considered [Smalls'] arguments of error and injustice," ECF No. 128-6 at 29, "the [BCNR's] letter constituted nothing more than a statement of the reasons why [Smalls'] request did not warrant reopening the matter," *see Sendra Corp.*, 111 F.3d at 167. Further, although the letter *does* say that Smalls' case had been "reconsidered," it used that term to describe the procedures by which it handled Smalls' serial requests for reconsideration many years ago:

> Your case was reconsidered in accordance with procedures that conform to Lipsman v. Secretary of the Army, 335 F. Supp. 2d 48 (D.D.C. 2004). You were first denied relief by this Board on 26 June 1986. Subsequently, you've been denied reconsideration by this Board on two additional occasions on 13 November 1992 and 16 March 2000. In addition, you have been denied reconsideration by the Assistant Secretary of the Navy . . . on several occasions.

7

ECF No. 128-6 at 29.  That passage does not suggest, let alone clearly state, that the BCNR reopened its original decision in connection with its 2016 decision.  Nor would that make any sense, given the repeated number of times the BCNR had denied him reconsideration in the past, and its conclusion, discussed below, that Smalls did not submit any new evidence in connection with his latest request.  "While an agency's first refusal to grant reconsideration may be reviewable in limited circumstances, its denials of successive requests for reconsideration of the same decision are not."  *Sendra Corp.*, 111 F.3d at 167.

> **B.** **Whether Smalls Presented New Evidence**

Courts may also review an agency's denial of an application for reconsideration when the request "is based upon new evidence or changed circumstances," *U.S. Postal Serv.*, 841 F.3d at 512.  "New evidence" means "facts which, through no fault of [the petitioner], the original proceeding did not contain," *Sendra Corp.*, 111 F.3d at 166 (quoting *Bhd. of Locomotive Engineers*, 482 U.S. at 279) (alteration in original), and "could not have been known by the exercise of ordinary diligence," *AT&T Corp. v. F.C.C.*, 363 F.3d 504, 509 (D.C. Cir. 2004).  On the other hand, evidence is not new if it was previously submitted to the agency, *Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 457 (1999), within the petitioner's control, *Sendra Corp.*, 111 F.3d at 166, or otherwise "previously available" to the petitioner, *Schoenbohm*, 204 F.3d at 250.  When a petition "raise[s] only a new argument" for "material error in the agency's original decision" and no new facts, this exception to the general rule of non-reviewability does not apply.  *Palacios*, 906 F.3d at 127 (internal quotation omitted).

Smalls identifies several documents as purportedly new but fails to establish that any of them meet the relevant standard.  For the most part, Smalls cites medical letters and reports—some recent and others contemporaneous to his discharge from the service—from doctors who argue that his condition was attributable to training runs during his service.  These documents

8

include pre-enlistment and military health records, testimonials from family and friends regarding his pre-enlistment health, and doctors' present-day diagnoses of his condition. ECF No. 100 at 40; No. 128-4 at 5–11; ECF No. 128-5 at 27–34; ECF No. 128-6 at 13–27.

As for the recently prepared evaluations and testimonials, they "contain[] no new evidence that materially differ[s] from the evidence used by the [BCNR] in issuing its" original decision. *See U.S. Postal Serv.*, 841 F.3d at 514 n.8. Indeed, Smalls argued on several prior occasions that the training runs caused his foot condition, and one doctor who submitted a recently prepared evaluation previously submitted at least six letters to the BCNR on his behalf. ECF No. 128-5 at 28. These newly generated evaluations and testimonials are in no meaningful sense new evidence.[4] And as for the evaluations he cites that were completed at the time of his discharge, Smalls does not clearly argue that the BCNR did not have them in its possession to consider. But even assuming it did not, he fails to explain why the Court should consider them new evidence, since they appear to have been either in his control or available to him long ago. *Sendra Corp.*, 111 F.3d at 166.

Finally, Smalls also characterizes the following as new evidence: (1) a recent order from the Court of Appeals for Veterans Claims reflecting that the Department of Veterans Affairs retroactively increased his disability rating, ECF No. 128-8 at 88; (2) decisions in other purportedly similar cases, ECF No. 100 at 18–19; ECF No. 128-4 at 31–39; ECF No. 128-5 at 12–25; and (3) a new allegation that he was not assigned a counselor during the medical board procedures, purportedly in violation of Navy regulations, ECF No. 100 at 25. None of these constitute new evidence or changed circumstances relating to his original challenge to the

---

[4] As much as Smalls points to evidence of psychological conditions in these letters, including PTSD, ECF No. 128-6 at 13–27, this evidence is not material to the BCNR's decision regarding his foot condition.

BCNR's decision about his foot condition, such that the Court has jurisdiction to review the BCNR's 2016 decision.

As for the retroactive increase in his disability rating, the Department of Veterans Affairs has assigned Smalls a disability percentage since before his first request for correction to the BCNR was denied in 1986, ECF No. 128-9 at 1, 70, so that is not a new circumstance. And at any rate, Smalls has not explained how the result of a process different, separate from, and not binding on the one here could qualify as new evidence or a materially new circumstance. *See Fulbright v. Murphy*, 650 F. App'x 3, 6 (D.C. Cir. 2016). Next, the purportedly similar cases Smalls raises are all nearly a decade to two decades old, and most concern proceedings before a special Navy review board different from the BCNR, which it does not appear may review his case. And none of these cases suggest that Smalls has been treated differently than others seeking reconsideration before the BCNR. ECF No. 128-4 at 31–39; ECF No. 128-5 at 12–25. Finally, as to the counselor issue, Smalls does not clearly state whether it was previously before the BCNR, but even if it was not, it is not new—it is a legal argument that was readily available to him at the time of his prior requests for correction or for reconsideration.

## IV.   Conclusion

For all these reasons, Defendants' Motion for Summary Judgment, ECF No. 107, will be granted and Plaintiff's Motion for Summary Judgment, ECF No. 100, will be denied. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date:  January 28, 2021